# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

==============
## NO. 03-00-00056-CV
==============

**Harold G. Hobbs, Appellant**

**v.**

**Jose Montemayor, Commissioner of Insurance, Appellee**

============================================================
**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
NO. 98-02806, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING**
============================================================

Appellant Harold Hobbs sought judicial review of an order of the Commissioner of Insurance denying reinstatement of two insurance licenses.[1] The trial court affirmed the Commissioner's order. We will affirm the judgment of the trial court.

The licenses in question were originally issued to two managing general agents, corporations that contracted with insurance companies to handle certain of their administrative functions. *See* Managing General Agents' Licensing Act, Tex. Ins. Code Ann. art. 21.07-3, § 2(a) (West Supp. 2000). Hobbs was the controlling shareholder of each corporate managing general agent. In connection with his order denying reinstatement, the Commissioner issued findings of fact and conclusions of law. Although Hobbs disputes the correctness of the

---

[1] The Commissioner of Insurance who signed the order was Elton Bomer. Bomer has since been succeeded in office by Jose Montemayor, whom we have substituted as appellee in this cause. *See* Tex. R. App. P. 7.2(a).

Commissioner's legal conclusions, he does not contest the fact findings. We therefore draw many of our background facts from the Commissioner's findings of fact.

The Department of Insurance issued a managing general agent's license to Norfolk, Inc., on October 27, 1967, and issued such a license to Boon-Chapman General Agency, Inc., on October 31, 1967.[2] Each license was issued for one year and required annual renewal. Boon-Chapman's name was later changed to Texas Associated Investors Agency, Inc. ("TAIA"), and Hobbs acquired his interest in TAIA in 1985. Hobbs renewed TAIA's license annually from 1986 to 1990. Hobbs acquired his interest in Norfolk in 1985, and Norfolk's license was likewise renewed each year between 1986 and 1989.

On October 31, 1990, Hobbs applied to the Department to renew TAIA's managing general agent's license. The Department notified Hobbs that because the application lacked a list of officers, directors, shareholders, and affiliates, TAIA's license could not be renewed. Hobbs never submitted the requested documents. On September 25, 1989, Hobbs submitted a renewal application to the Department for Norfolk. The Department ultimately notified Hobbs that it could not renew Norfolk's license because the application lacked proof of Norfolk's security for liability. Hobbs never submitted proof of such security for liability.

---

[2] Before 1991, the insurance industry was overseen by the State Board of Insurance and a Commissioner. The duties of the former State Board of Insurance are now performed by the Commissioner of Insurance or the Texas Department of Insurance, as set out in the Insurance Code. *See* Tex. Ins. Code Ann. §§ 31.001-.003, .007 (West Supp. 2000); *see also* Act of May 27, 1991, 72d Leg., R.S., ch. 242, § 13.01, 1991 Tex. Gen. Laws 939, 1133. For convenience, we will refer to the former Board of Insurance as the Department of Insurance.

2

Evidence from the hearing before the Commissioner shows that neither of the corporate agents had any further contact with the Department about the licenses from the end of 1990 until 1997.

In 1997, according to testimony at the hearing, a representative of the two managing general agents contacted the Department about reinstating the licenses. Taking the position that the failure to submit complete renewal applications had caused the licenses for each agent to expire, the Department denied reinstatement. Hobbs appealed the denial to the Commissioner, who determined after a hearing to uphold the denial.

In his first point of error, Hobbs asserts that once timely applications for renewal were submitted, the licenses continued to be valid until the Commissioner made a ruling on them. The version of the Managing General Agents' Licensing Act that applied to the licenses in 1990 provided:

(a) [E]very license issued hereunder shall expire one year from the date of its issue, unless an application to qualify for renewal of such license shall be filed with the commissioner and fee paid on or before such date, in which event the license sought to be renewed shall continue in full force and effect until renewed or renewal is denied.

Managing General Agents' Licensing Act, 68th Leg., R.S., ch. 622, § 72, 1983 Tex. Gen. Laws 3980, 3980 (Tex. Ins. Code Ann. art. 21.07-3, § 9(a), since amended). Hobbs contends that because he complied with the statute by submitting timely applications, even though they were deficient, the licenses "continue in full force and effect until renewed or renewal is denied." *Id.* Because the Commissioner never denied renewal, Hobbs argues, the licenses have remained in effect continuously since 1990.

As found by the Commissioner, however, the Department notified Hobbs that the licenses could not be renewed. On December 5, 1990, the Department issued a notice stating that TAIA's license could not be renewed because the renewal application lacked a list of officers, directors, shareholders, and affiliates. *See* Managing General Agents' Licensing Act, Tex. Ins. Code Ann., art. 21.07-3, § 4B(a) (West Supp. 2000). On June 19, 1990, the Department issued a notice stating that Norfolk's license could not be renewed because the application lacked proof of security for liability. *See id.* § 4C. Hobbs does not contest these findings, and he admits that the Department returned the incomplete applications to him when it sent the notices declining to renew. The Department's notices served the statutory function of denying renewal of the licenses. Because the Commissioner, through his departmental employees, denied renewal as required by the statute, the Commissioner did not err in concluding that the licenses expired one year after their most recent renewals. *See In re Humphreys*, 880 S.W.2d 402, 404 (Tex. 1994) (under substantial-evidence test, appellate court reviews agency's legal conclusions de novo).

Hobbs argues alternatively that the Department lacked authority to reject the incomplete applications. He points out that not until 1991 did the legislature specify that one renewing a managing general agent's license must file a "completed" application. *See* Managing General Agents' Licensing Act, 72d Leg., R.S., ch. 242, § 11.68, 1991 Tex. Gen. Laws 939, 1098 (Tex. Ins. Code Ann. art. 21.07-3, § 9(a), since amended). We have not found in the record, and Hobbs does not show us, where he presented this argument to the agency. This Court lacks jurisdiction to consider an argument that a party failed to raise before the agency.

4

*See Yamaha Motor Corp. v. Motor Vehicle Div.*, 860 S.W.2d 223, 229-30 (Tex. App.—Austin 1993, writ denied). In any event, we believe that even under the version of article 21.07-3, section 9, that applied in 1989 and 1990, the Department could reject an incomplete application. To accept Hobbs' interpretation would allow incomplete applications to linger and managing general agents to avoid annual renewal, contrary to the evident purpose of the statute. Because the statute authorized the Department to reject Hobbs' incomplete applications and, as mentioned above, this rejection constituted a denial of renewal by the Commissioner, we overrule point one.

Hobbs argues in point of error two that the trial court's error was probably due to his counsel's ineffectiveness in failing to fully explain to the trial court what effect on the public the ruling in this case would have. We have no record showing counsel's explanation to the court of the ruling's effect. Even if the record supported Hobbs' contention, an appellate court in a civil case reviews the record only for error committed by the trial court, not for error committed by counsel. *See* Tex. R. App. P. 33.1(a). We overrule point two.

We affirm the judgment of the trial court.

_____

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed:   October 19, 2000

Do Not Publish